Case 5:22-cv-00114   Document 43   Filed on 10/07/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **VANESSA CONTRERAS,** *et al.*, § <br> § <br> **Plaintiffs,** § <br> § <br> VS. § <br> § <br> **MICHAEL PAZ,** *et al.*, § <br> § <br> **Defendants.** § | **CIVIL ACTION NO. 5:22-CV-00114** |

## ORDER

On October 6, 2025, Plaintiffs Vanessa Contreras and Benjamin Contreras and Defendant GEICO Casualty Company filed a self-effectuating Joint Stipulation of Dismissal with Prejudice. (Dkt. 42); *see* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Stipulation, signed by counsel for the parties who have appeared and remain in the litigation, notified the Court that the case has been dismissed with prejudice. (Dkt. 42 at 1); *see* Fed. R. Civ. P. 41(a)(1)(B).

Defendant GEICO Insurance Agency, LLC was terminated as a Defendant in the above-entitled lawsuit on March 24, 2003. (Dkt. 9 at 2.) In addition, Defendants Michael Paz and Grupo Nacional Provincial, S.A.B. never appeared to defend the above-entitled lawsuit. *See* (Dkt. 38) (advising the Court that service on foreign Defendants had not been completed as of May 28, 2025); *see also* (Dkt. 40 at 1) (advising the Court that a settlement agreement has been reached in the interim). Thus, Defendants' GEICO Insurance Agency, LLC, Michael Paz, and Grupo Nacional Provincial, S.A.B. signatures were not necessary to effectuate the Parties' voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting voluntary dismissal by filing a "stipulation of dismissal signed by all parties who have appeared"); *see also Emerson v. City of Richardson, Tex.*, 2023 WL 6149198, at *1 (N.D. Tex. Sept. 20, 2023) ("And

it is of no consequence that [plaintiff] named defendants other than the City in the petition she filed in state court or in the amended complaint that she filed after removal…because the only defendant 'who has appeared' is the City."); *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 416 n.3 (5th Cir. 2018) (holding that only the plaintiff and the dismissed defendant need to sign).

Accordingly, the Clerk of Court is hereby **DIRECTED** to **TERMINATE** the case.

IT IS SO ORDERED.

SIGNED this October 7, 2025.

Diana Saldaña
United States District Judge